IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALICE BROWN,

    Plaintiff,

    v.

WESTERN COMMUNICATIONS INC., et al.,

    Defendants.

Case No. 19-cv-04047-MMC

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT; AFFORDING LEAVE TO AMEND**

Before the Court are plaintiff Alice Brown's complaint and application to proceed in forma pauperis, both filed July 12, 2019. Having read and considered plaintiff's filings, the Court rules as follows.

As it appears from plaintiff's application that she lacks funds to pay the filing fee, the application to proceed in forma pauperis is hereby GRANTED.

Where, as here, a party proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e)(2), must dismiss the complaint if the plaintiff "fails to state a claim on which relief may be granted" or the action is "frivolous and malicious." See 28 U.S.C. § 1915(e)(2)(B). The Court thus turns to the question of whether the complaint "state[s] a claim on which relief may be granted." See id.

In her complaint, plaintiff alleges that, on July 13, 2018, she met with defendant Robin Fornoff ("Fornoff") at "the 'Del Norte Triplicate' newspaper office" to discuss her "disappoint[ment]" with "an article that plaintiff requested defendant write regarding an incident that had occurred to plaintiff on December 21, 2014." (See Compl. ¶¶ 6, 9.) Plaintiff further alleges she intended "to place an ad in the paper after the . . . meeting with defendant Fornoff." (See id. ¶ 11.)

Plaintiff alleges that, during said meeting, Fornoff was "hostile and offensive toward plaintiff" (see id. ¶ 12) and that, "after several minutes" she "asked defendant Fornoff if he had a racial bias" (see id. ¶ 13), at which point Fornoff "exploded with anger" and "yelled at plaintiff to leave the building while claiming that he did not have a racial bias" (see id. ¶ 14). According to plaintiff, Fornoff refused to allow plaintiff to "place an ad in the front office" (see id.) and "didn't cease yelling at plaintiff until plaintiff stood up and left the building, without placing the ad" (see id. ¶ 15).

Based on the above allegations, plaintiff asserts defendants Western Communications Inc., Del Norte Triplicate, and Fornoff subjected her to unlawful discrimination based on race pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II") (First and Second Claims), and asserts Fornoff violated her rights under the First Amendment to the United States Constitution (Third Claim). As set forth below, the Court finds each of plaintiff's claims is subject to dismissal.

At the outset, the Court finds plaintiff has failed to state a claim under Title II, as her discrimination claims are predicated on events that allegedly took place at a "newspaper office" (see Compl. ¶ 6), an establishment that does not constitute a "place of public accommodation within the meaning of [Title II]." See 42 U.S.C. § 2000a(a) (prohibiting discrimination based on race in "place[s] of public accommodation, as defined [therein]"); see also id. § 2000a(b) (listing establishments that qualify as places of public accommodation). Moreover, even if a newspaper office were a place of public accommodation, plaintiff's discrimination claims fail for the independent reason that she has not pled any facts to show Fornoff's actions were motivated by racial animus or discriminatory intent. See Jefferson v. City of Fremont, 2013 WL 1747917, at *3 (N.D. Cal. Apr. 23, 2013) (dismissing Title II claim where allegations were insufficient to show defendants acted with discriminatory intent).

Next, plaintiff has failed to state a claim under the First Amendment. In support of such claim, plaintiff relies solely on an allegation that Fornoff "prohibited . . . plaintiff from speaking freely." (See Compl. ¶ 25.) The First Amendment, however, "protects

individuals only against government, not private, infringements upon free speech rights," and plaintiff has not pled any facts to demonstrate the infringement here alleged "somehow constitutes state action." See George v. Pacific-CFC Work Furlough, 91 F.3d 1227, 1239 (9th Cir. 1996).

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is hereby DISMISSED with leave to amend. Plaintiff's amended complaint, if any, shall be filed no later than August 9, 2019.

**IT IS SO ORDERED.**

Dated: July 19, 2019

_____
MAXINE M. CHESNEY
United States District Judge