IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALICE BROWN,

    Plaintiff,

    v.

WESTERN COMMUNICATIONS INC., et al.,

    Defendants.

Case No. 19-cv-04047-MMC

**ORDER DISMISSING FIRST AMENDED COMPLAINT**

       On July 15, 2019, plaintiff Alice Brown filed her complaint, by which pleading plaintiff asserted against defendants Western Communications, Inc., Del Norte Triplicate, and Robert Fornoff ("Fornoff") claims for unlawful discrimination pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II"), and for violation of her rights under the First Amendment to the United States Constitution.  That same day, plaintiff also filed an application to proceed in forma pauperis.  Thereafter, by order filed July 19, 2019, the Court granted plaintiff's application to proceed in forma pauperis and, having found plaintiff failed to state a claim under either Title II or the First Amendment, dismissed the complaint with leave to amend.

       Now before the Court is plaintiff's First Amended Complaint ("FAC"), filed August 8, 2019.  Having read and considered the FAC, the Court rules as follows.

       Where, as here, a party proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e)(2), must dismiss the complaint if the plaintiff "fails to state a claim on

which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). The Court considers herein whether the FAC is subject to dismissal for "fail[ure] to state a claim on which relief may be granted." See id.

In her FAC, plaintiff alleges, as she did in her original complaint, Fornoff "ordered [plaintiff] . . . out of his business" (see FAC ¶ 10) and "refused to allow her to purchase an ad in the newspaper" (see id. ¶ 12) after plaintiff, during a meeting, "asked Fornoff if he had a racial bias" (see id. ¶ 10). In her FAC, however, plaintiff no longer asserts any claims under federal law. Rather, relying solely on diversity jurisdiction as the basis for her "case belong[ing] in federal court" (see FAC ¶ 3), plaintiff now asserts a single state law claim for "discrimination/denial of service" (see id. at 5). For the reasons set forth below, the Court finds the FAC is subject to dismissal.

At the outset, the Court finds plaintiff's reliance on diversity jurisdiction is misplaced. Diversity jurisdiction exists where there is "complete diversity" among the parties, i.e., where the "citizenship of each plaintiff is diverse from the citizenship of each defendant." See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). Here, however, plaintiff alleges she and all defendants other than Western Communications, Inc., are citizens of California. (See FAC ¶¶ 1-2.)

Next, although a federal court may exercise supplemental jurisdiction over a plaintiff's state law claim where, as here, such claim and the federal claims asserted in the original complaint "derive from a common nucleus of operative fact," see Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (internal quotation and citation omitted), the Court, given the early stage of the proceedings, declines to do so, see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (holding "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," federal courts ordinarily "should decline the exercise of jurisdiction by dismissing the case without prejudice").

//

Accordingly, the FAC is hereby DISMISSED without prejudice to refiling in state court.

**IT IS SO ORDERED.**

Dated: August 28, 2019

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge